FILED
John E. Triplett, Clerk of Court
United States District Court
By jburrell at 8:46 am, Dec 13, 2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | INFORMATION NO. 6:21cr-13 |
| | ) | |
| v. | ) | 26 U.S.C. § 7201 |
| | ) | Tax Evasion |
| **JAMES STAFFORD** | ) | |

**THE UNITED STATES ATTORNEY CHARGES THAT:**

### General Allegations

At all times material to this Information:

1. The Internal Revenue Service ("IRS") was an agency of the United States Department of Treasury responsible for administering the federal tax laws of the United States and collecting taxes due and owing to the United States.

2. Under the Internal Revenue Code, a Subchapter S Corporation is one that elects to pass its income, losses, deductions, and credits through to its shareholders for federal tax purposes. Shareholders of S Corporations report the business's flow-through income and losses on their personal tax returns and are assessed tax at their individual income tax rates.

3. An IRS Form 1120S, U.S. Income Tax Return for an S-Corporation, was an information return filed by an S Corporation to report, among other things, its income, gains, losses, deductions, and credits.

4.      An IRS Form 1040, U.S. Individual Income Tax Return, was the form filed by an individual to report, among other things, income, gains, losses, deductions, and credits.

5.      Accountant A was a certified public accountant who operated an accounting firm in Sylvania, Georgia.

6.      Chrysha, Inc. was a corporation formed in the State of Georgia on or about April 3, 2002, which elected to be taxed as an S corporation. Chrysha, Inc. did business as Rum Runners, a bar in Statesboro, Georgia.

7.      BGRG, Inc. was a corporation formed in the State of Georgia on or about September 23, 2010, which elected to be taxed as an S corporation. BGRG, Inc. did business as Capital City and 119 Chops, a bar and restaurant, respectively, in Milledgeville, Georgia.

8.      The Defendant was nominally the sole owner of both Chrysha, Inc. and BGRG, Inc. In practice, however, each company had multiple partners who had varying ownership percentages in the business.

9.      Even though the Defendant was nominally the sole owner of Chrysha, Inc., in truth, he owned only 10 to 15% of the business.

10.     Even though the Defendant was nominally the sole owner of BGRG, Inc., in truth, he did not own any percentage of the business.

11.     Individual A was a co-owner, along with others, of both Chrysha, Inc. and BGRG, Inc.

12. The Defendant, along with the other partners of Chrysha, Inc., received his share of the company's profits from Individual A, who collected cash generated from the business's operations and, after paying expenses, would disburse the funds to the partners according to their ownership shares.

**COUNT ONE**
*Tax Evasion*
26 U.S.C. § 7201

13. The factual allegations contained in Paragraphs 1 through 12 of this Information are re-alleged and incorporated herein.

14. From in or around January 1, 2014, through in or around January 30, 2016, in the Southern District of Georgia and elsewhere, the Defendant,

**JAMES STAFFORD,**

willfully attempted to evade and defeat income tax due and owing to the United States of America by him and others, for the calendar year 2014, by committing the following affirmative acts, among others:

    a. The Defendant provided false information to Accountant A for the preparation of Chrysha, Inc.'s 2014 Form 1120S, regarding that he was the corporation's sole owner. He also materially understated the company's gross receipts and omitted the cash distributions Individual A made to the corporation's partners.

    b. The Defendant did not provide to Accountant A the full amount of income he received from Individual A as distributions of his share of Chrysha, Inc.'s profits.

c. The Defendant provided false information to Accountant A for the preparation of BGRG, Inc.'s 2014 Form 1120S, regarding that he was the corporation's sole owner. He also materially understated the company's gross receipts.

d. By making material misrepresentations to Accountant A, the Defendant caused to be prepared and signed a false and fraudulent Form 1120S for Chrysha, Inc. for tax year 2014, which was filed with the IRS on or about January 30, 2016. On Line 1a of that tax return, the Defendant reported and caused to be reported that Chrysha, Inc. earned gross receipts or sales of $239,884. In fact, as the Defendant well knew, the business's gross receipts or sales were materially greater than that amount.

e. In addition, the Defendant reported on a form attached to that tax return that he owned 100% of Chrysha, Inc. In fact, as the Defendant well knew, his actual ownership interest was between 10% to 15%.

f. Similarly, by making material misrepresentations to Accountant A, the Defendant caused to be prepared and signed a false and fraudulent Form 1120S for BGRG, Inc. for tax year 2014, which was filed with the IRS on or about January 30, 2016. On Line 1a of that tax return, the Defendant reported and caused to be reported that BGRG, Inc. earned gross receipts or sales of $516,093. In fact, as

Defendant well knew, the business's gross receipts or sales were materially greater than that amount.

g. In addition, Defendant reported on a form attached to that tax return that he owned 100% of BGRG, Inc. In fact, as Defendant well knew, he did not actually own any interest in the corporation.

h. By underreporting the gross receipts or sales of Chrysha, Inc. and BGRG, Inc. on those companies' Forms 1120S, the Defendant prepared and signed and caused to be prepared and signed his own false and fraudulent Form 1040 for 2014, which was filed with the IRS on or about February 12, 2016. That Form 1040 reported on Line 17 that the Defendant's income from "Rental real estate, royalties, partnerships, S corporations, trusts, etc." was $2,632. In fact, as the Defendant well knew, his income in that category was materially higher.

15. As a result of the Defendant's failure to accurately report his income on his Form 1040, there was a substantial tax due and owing to the United States.

16. The defendant further knew full well that, by filing Forms 1120S that falsely reported his ownership interests in Chrysha, Inc. and BGRG, Inc., he enabled the true partners of those corporations to evade their respective substantial individual income tax liabilities.

All in violation of Title 26, United States Code, Section 7201.

David H. Estes
United States Attorney

David Zisserson
Assistant Chief
Casey S. Smith
Trial Attorney
U.S. Department of Justice, Tax Division
Lead Counsel

Karl Knoche
Assistant United States Attorney

Chris Howard
Assistant United States Attorney