IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Case No. 6:21-cr-00013-JRH |
| | ) |
| JAMES STAFFORD | ) |
| | ) |

## UNITED STATES' SENTENCING MEMORANDUM

The United States of America respectfully submits this memorandum in connection with the sentencing of the defendant, James Stafford, for one count of tax evasion in violation of 26 U.S.C. § 7201. The correct total offense level is 13 (following a 3-point reduction under U.S.S.G. § 3E1.1 and a 2-point reduction under § 4C1.1), corresponding to a Guidelines sentencing range of 12-18 months' imprisonment. In accordance with the parties' plea agreement, the United States requests that the Court sentence Stafford to a term of imprisonment at the low end of the Guidelines range and order him to pay restitution to the IRS in the amount of $53,577.20.

Stafford was an integral member of a multi-year scheme to skim cash from bars and restaurants without reporting the income to the IRS. In that regard, he was directly responsible for filing false tax returns that caused more than a half million dollars of tax losses to the government. A sentence of incarceration is necessary to reflect the seriousness of the offense and to deter others from committing similar crimes.

## I. BACKGROUND AND OFFENSE CONDUCT

Stafford pleaded guilty on March 8, 2022, to an Information charging him with one count of tax evasion in violation of 26 U.S.C. § 7201.[1] Stafford and others, including three defendants who pleaded guilty and have been sentenced,[2] schemed to avoid paying federal and state taxes on income from a series of bars and restaurants near college campuses in Georgia and Alabama.[3] Specifically, bar owners and managers under-reported to the IRS the establishments' credit and debit card receipts and distributed large amounts of unreported cash to scheme participants.

Stafford was integrally involved in this effort regarding a bar in Statesboro called Rum Runners, as well as a bar and restaurant in Milledgeville called Capital City and 119 Chops.[4] Although these establishments had multiple owners, Stafford concealed their true ownership by registering corporations that made it appear as if was he the sole, true owner. Toward that end, he registered as the sole owner of Chrysha, Inc., which operated Rum Runners, and as the sole owner of BGRG, Inc., which operated Capital City and 119 Chops. In reality, however, Stafford held only a 10-15% stake in Rum Runners and no real ownership interest in the Milledgeville establishments.[5]

---

[1] Doc. 1.
[2] *United States v. Michael Heath Cox,* Case No. 6:19-CR-00003 (S.D. Ga.); *United States v. William Britt,* Case No. 6:22-CR-00002 (S.D. Ga.); *United States v. Eugene R. Britt, III,* Case No. 6:22-CR-00007 (S.D. Ga.).
[3] PSR at ¶ 3.
[4] *Id.* at ¶ 4.
[5] *Id.* at ¶¶ 5, 26-27.

Perhaps more importantly, however, Stafford, on his own accord, filed false tax returns on behalf of those corporations that understated the companies' gross receipts and omitted the cash distributions to the actual owners.[6] As a result, Stafford not only cheated on his own taxes, but enabled the true owners of the bars and restaurant to cheat on their taxes as well. To accomplish that, he provided false information to his accountant for the preparation of Chrysha's and BGRG's Forms 1120S, U.S. Income Tax Return for an S Corporation, that materially understated the companies' gross receipts and omitted the cash distributions to the corporations' partners. He also falsely informed the accountant that he was the sole owner of these corporations, causing that information to be incorrectly reported on the companies' tax returns as well.[7]

In addition, Stafford did not inform his accountant of the full amount of income he earned as distributions from Rum Runners, which caused his own Forms 1040, U.S. Individual Income Tax Returns, to falsely underreport his income.[8] As a result of his actions, from 2011 to 2016, Stafford underreported the gross sales of the establishments by a total of $1,793,531.74, causing a tax loss of $535,772.[9]

## II. GUIDELINES CALCULATION

The United States believes the Guidelines calculation in the PSR is correct,[10] subject to the application of U.S.S.G. § 4C1.1. The tax loss Stafford caused —

---

[6] *Id.* at ¶ 6.
[7] Plea Agreement, Doc. 15 at 2-3.
[8] *Id.*; PSR at ¶ 6.
[9] PSR at ¶ 7.
[10] *Id.* at ¶¶14-23.

3

$535,772.10—corresponds to a base offense level of 18. U.S.S.G. §§ 2T1.1, 2T4.1. Because Stafford accepted responsibility for the offense, the government agreed to a 2-point reduction under § 3E1.1(a), and now moves the Court to grant the additional one-point reduction under § 3E1.1(b). Although the provision did not exist at the time of the plea agreement, the parties agree that an adjustment applies under the new U.S.S.G. § 4C1.1 to decrease the offense level by another 2 points. Therefore, Stafford's total offense level is 13, with a criminal history category of I, resulting in a Guidelines range of 12-18 months' imprisonment.

The defendant has objected to the PSR on the grounds that he also deserves an adjustment to his offense level under U.S.S.G. § 3B1.2 as a minimal or minor participant in criminal activity.[11] Such an adjustment is inappropriate here. First, he is not "substantially less culpable than the average participant in the criminal activity." U.S.S.G. § 3B1.2, application note 3(A). Although Stafford was not a leader or an organizer of the criminal activity, he was an essential part of it. In that regard, he was personally responsible for filing false tax returns on behalf of the companies at issue: an act integral to enabling the tax fraud scheme. Therefore, Stafford's actions were *directly* responsible for the tax losses at issue.

Moreover, as the Court is aware based on previous sentencings related to this matter, the overall scheme was not limited to the three establishments mentioned above. Yet, the tax loss the parties agreed to in this case *is* limited to the loss associated with those corporations for which Stafford filed false tax returns.

---

[11] Addendum to PSR, Doc. 23 at 22-25.

Therefore, Stafford already is being held responsible for only his piece of the fraud. And, as the person who knowingly provided false information to an accountant for the preparation of tax returns, his role in causing that loss was not minimal. *See United States v. DeVaron*, 175 F.3d 930, 941 (11th Cir. 1999) ("the district court must assess whether the defendant is a minor or minimal participant in relation to the relevant conduct *attributed to the defendant* in calculating her base offense level") (emphasis added).

In addition, Stafford was not, as he states, simply "an employee who prepare[d] fraudulent returns on behalf of his employer."[12] As he admits, he was an owner of Rum Runners, contributed capital to its founding, engaged in "dummy accounting" to cheat on local alcohol regulations, and maintained cash to pay other owners of the business.[13] Stafford was not simply an employee of the Milledgeville bar and restaurant either. Although he did not own those establishments, he agreed to create a corporation to make it look like he did in order to conceal the true ownership, and he assisted in managing the business and knowingly reported false sales figures.[14] Therefore, a decrease in Stafford's offense level for his role in the offense is not appropriate.

## III. THE IMPOSITION OF SENTENCE

In addition to considering the properly calculated Guidelines range, the Court must also consider the sentencing factors set forth in 18 U.S.C. § 3553(a). Here, the

---

[12] *Id.* at 22.
[13] Stafford's Letter to Probation Officer, Doc. 23 at 17-18.
[14] *Id.* at 19-21.

most pertinent factors include: (i) the nature and circumstances of the offense, (ii) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide for just punishment for the offense, (iii) the need to afford adequate deterrence to criminal conduct, and (iv) the need to avoid unwarranted sentencing disparities among defendants with similar records convicted of similar crimes. Based on these statutory sentencing factors, the United States requests the Court to impose a sentence of incarceration within the Guidelines range.

Stafford participated in a years-long scheme with others to cheat on their taxes. It was not a temporary lapse of judgment. Rather, Stafford deliberately and repeatedly lied to his accountant about the true ownership of the bars and restaurant, the income those companies made, and the profit distributions the owners of those companies received. As a result, Stafford and the true owners secretly earned significant cash income by effectively paying themselves "under the table" without informing the IRS.

Moreover, Stafford was not merely a passive participant. As he admits, he personally provided false information for the preparation of the companies' and his own tax returns. Although Stafford does not deny this and accepts responsibility for evading his and others' taxes, he insists that tax evasion was not his primary motive. Instead – while he does not phrase is this way – it was a consequence of other criminality: fraudulently reporting figures to local authorities to appear in compliance with the city of Statesboro's ordinance regarding the ratio of alcohol to food sales. "Each and every month, I changed the figures to remain in compliance

6

with the city and as result of this it created great inaccuracies in the yearly figures that had to match for my accountant."[15]

Although the defendant's Guidelines sentencing range is relatively low, the Court should still sentence him to a term of incarceration in accordance with the Guidelines to reflect the serious nature of this crime. Indeed, the Guidelines recognize that "[t]ax offenses, in and of themselves, are serious offenses." U.S.S.G. § 2T1.1, commentary. Our nation requires and relies on all Americans who enjoy the benefits of this country to voluntarily pay their fair share. *See Bull v. United States*, 295 U.S. 247, 259 (1935) ("[T]axes are the lifeblood of government . . . ."). Put simply, the United States relies on voluntary compliance, and Stafford's actions undercut that fundamental premise of our tax system.

In that regard, a Guidelines sentence is necessary to provide adequate deterrence to others who would contemplate similar crimes. *See United States v. Hassebrock*, 663 F.3d 906, 922 (7th Cir. 2011) (affirming as reasonable a guidelines sentence for a tax evader when the district court explained that "a sentence of probation would not promote respect for the law, but encourage people to flaunt it"). According to the Sentencing Guidelines, deterrence should be a primary consideration when sentencing defendants for tax crimes:

> The criminal tax laws are designed to protect the public interest in preserving the integrity of the nation's tax system. Criminal tax prosecutions serve to punish the violator and promote respect for the tax laws. Because of the limited number of criminal tax prosecutions relative to the estimated incidence of such violations, deterring others

---

[15] Stafford Letter to Probation, Doc. 23 at 17-18.

7

> from violating the tax laws is a primary consideration underlying these guidelines. Recognition that the sentence for a criminal tax case will be commensurate with the gravity of the offense should act as a deterrent to would be violators.

U.S.S.G. § 2T, Introductory Commentary.

Sentences of incarceration put the general public on notice that willful violations of the internal revenue laws will be punished with a real possibility of imprisonment. *See United States v. Ture*, 450 F.3d 352, 358 (8th Cir. 2006) ("[W]illful tax evaders often go undetected such that those who are caught . . . must be given some term of imprisonment. The goal of deterrence rings hollow if a prison sentence is not imposed."). After all, without that deterrence, "there would be little incentive for a wavering would-be evader to choose the straight-and-narrow over the wayward path." *United States v.* Engle, 592 F.3d 495, 502 (4th Cir. 2010). The Eleventh Circuit has approved this emphasis on deterrence in economic and fraud cases: "Because economic and fraud-based crimes are more rational, cool, and calculated than sudden crimes of passion or opportunity, these crimes are prime candidates for general deterrence." *United States v. Martin*, 455 F.3d 1227, 1240 (11th Cir. 2006); *see also United States v. Burgos*, 276 F.3d 1284, 1289 n.6 (11th Cir. 2001) ("For a judge sentencing a defendant convicted of tax evasion, the chief concern may be general deterrence.").

Business owners across the country regularly face the temptation of taking some cash home and failing to report it to the IRS. Given the inherent characteristics of cash, this is difficult to track or detect. But most law-abiding business owners

know that and still fully comply with their reporting obligations. A sentence of incarceration is necessary to show these honest business owners that they are not foolish for playing by the rules and following the law.

Moreover, deterrence plays an enhanced role in this case given the scheme's structure. As stated, unscrupulous business owners who hide their income by dealing in cash are difficult to detect. When the IRS does so, a sentence of incarceration is warranted to deter others from engaging in similar conduct. Otherwise, the government cannot ensure compliance with the Internal Revenue Code if the general public believes there are no serious consequences for committing tax crimes. In other words, there is nothing else to prevent similarly greedy owners from following these methods or giving in to the temptation of underreporting cash receipts. *See United States v. Heffernan*, 43 F.3d 1144, 1149 (7th Cir. 1994) ("Considerations of (general) deterrence argue for punishing more heavily those offenses that either are lucrative or are difficult to detect and punish, since both attributes go to increase the expected benefits of a crime and hence the punishment required to deter it."). A sentence of incarceration will send a message that a systematic effort to cheat on one's taxes will be met with serious punishment.

Finally, a Guidelines sentence that includes a term of incarceration is necessary to "avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). Other defendants prosecuted in connection with this scheme were given prison terms. In August 2022, the Court sentenced William Britt, a leader of the same basic scheme,

to a term of imprisonment of 33 months.[16] In June 2023, the Court sentenced William Britt's brother, Eugene "Trey" Britt, who occupied a similar role as his brother, to 24 months.[17]

To be sure, Stafford's role in the crime was less serious than the Britts', but the Guidelines already take that into account. The remaining defendant prosecuted as part of this investigation, Michael Heath Cox, was sentenced to probation after being the first participant in this scheme to plead guilty in March 2019.[18] Stafford, who pled guilty 3 years later, does not deserve the same treatment.

## IV. ORDER OF RESTITUTION

Under the plea agreement, Stafford has agreed to pay restitution to the IRS in the amount of $53,577.20, which represents a portion of the total tax loss he caused for 2014.[19] Stafford has already submitted a check for that amount to the Clerk of Court.

## CONCLUSION

For the foregoing reasons, the government respectfully requests that this Court sentence the defendant to a term of imprisonment at the low end of the Guidelines range, restitution in the amount of $53,577.20, and three years of supervised release.

---

[16] Case No. 6:22-cr-00002, Doc. 43.
[17] Case No. 6:22-cr-00007, Doc. 37.
[18] Case No 6:19-cr-00003, Doc. 13.
[19] PSR at ¶ 7.

10

Dated: December 28, 2023    Respectfully submitted,

JILL E. STEINBERG
United States Attorney

*/s/ David Zisserson*
DAVID ZISSERSON
D.C. Bar No. 493772
Assistant Chief

CASEY S. SMITH
Connecticut Bar No. 436378
Trial Attorney

U.S. Department of Justice, Tax Division
150 M Street, N.E.
4 Constitution Square
Mail Stop 1.1505
Washington, D.C.  20002
(202) 514-6479
David.Zisserson@usdoj.gov
Casey.S.Smith@usdoj.gov

TANIA GROOVER
Assistant United States Attorney

# CERTIFICATE OF SERVICE

I certify that on December 28, 2023, I electronically filed this document with the Clerk of Court using the CM/ECF system, which will send notification to all counsel of record.

*/s/ David Zisserson*
U.S. Department of Justice
Tax Division
